UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re Application of
Canadian Private
Copying Collective

No. 11-MC-0028 (SRN/SER)

**REPORT & RECOMMENDATION**

---

Bryan M. Seiler & Carl Crosby Lehmann, Esqs., Gray Plant Mooty Mooty & Bennett, PA, 80 South 8th Street, Suite 500, Minneapolis, MN 55402 for Applicant.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on Applicant Canadian Private Copying Collective's ("CPCC") Application for Discovery Pursuant to 28 U.S.C. § 1782 [Doc. No. 1].  CPCC requests this Court to issue an *ex parte* Order pursuant to 28 U.S.C. § 1782 permitting discovery from Microboards Technology, LLC ("Microboards") for the use in ongoing litigation in the Federal Court of Canada.  This matter was referred to the undersigned by an Order of Reference entered by the District Court on March 30, 2011 [Doc. No. 6], pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1(b).  For the reasons set forth below, the Court recommends that the Application be granted.

**I.     BACKGROUND**

Under the Canadian Copyright Act, R.S.C. c.C-42, eligible performers, authors, and makers of sound recordings are entitled to receive payment for the private copying of their musical works, performances, and sound recordings.  (Application at ¶ 2).  Canadian manufacturers and importers of media used by individuals to record music must pay levies to a

collecting body designated by the Copyright Board of Canada, in order to provide compensation to eligible authors, performers, and makers of sound recordings. (*Id.* at ¶ 3). The CPCC is a non-profit corporation established to collect and distribute private copying levies on behalf of its members. (*Id.* at ¶ 4). In January 2007, CPCC commenced an action in the Federal court of Canada against Blue Media Group Inc., Computer Ultra Corportation ("CUC"), and Computer Ultra Distribution Inc. ("CUD") alleging failure to report sales and pay to CPCC private copying levies regarding the manufacture or importation into Canada and the sale or other disposition of blank audio recording media ("Blank Media"). (*Id.* at ¶ 5). In March 2010, CPCC added 1563052 Ontario Inc., doing business as Tekmedia ("Tekmedia") and Hung Manh Vu, the principal of Tekmedia, as defendants to the action. (*Id.* at ¶ 6). CPCC alleges that these defendants conspired to structure their transactions relating to the supply of Blank Media to avoid the payment of private copying levies on the Blank Media that was imported and subsequently sold or disposed of in Canada. (*Id.* at ¶ 7).

Testimony in the Canadian case confirmed that documentation relating to the purchase and supply of Blank Media by CUC, CUD, and Tekmedia has been destroyed or lost. (*Id.* at ¶ 10-12). Therefore, CPCC seeks to obtain copies of such documentation from non-party suppliers, freight-forwarders, and customs brokers, including Microboards. (*Id.* at ¶ 12).

In November 2009, CPCC's counsel requested that Microboards preserve the relevant documents. (*Id.* at ¶ 15). On December 1, 2009, counsel for Microboards told CPCC it would not provide the requested documents absent an application for discovery pursuant to 28 U.S.C. § 1782(a). (*Id.* at ¶ 16). On November 26, 2010, CPCC informed Microboard's counsel it would bring a motion before the Federal Court of Canada to release Microboard's relevant records, and that motion was served on Microboards on December 2, 2010. (*Id.* at ¶ 18-19). The Federal

Court of Canada ruled in CPCC's favor and the Order was served on Microboards. (*Id.* at ¶ 20). The Order required Microboards to provide CPCC with copies of all invoices, shipping documentation and customs documentation, as well as emails, letters, and handwritten notes, regarding the supply, shipping, or freight forwarding of CD-Rs, CD-RWs, CD-R Audio, CD-RW Audio, audio cassettes, and minidiscs to Blue Media, CUC, CUD, Tekmedia, or Vu from January 1, 2001 to date. Microboards confirmed receipt of the Order but restated its position that it would not comply unless compelled by a federal court in the United States with jurisdiction over the company. (*Id.* at ¶ 21).

## II.   DISCUSSION

Pursuant to 28 U.S.C.A. § 1782, a federal district court may order the giving of testimony or the production of documents or other things for use in a proceeding in a "foreign or international tribunal." The statute provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782.

To obtain an Order under § 1782, the applicant must first meet the statutory thresholds by establishing that: (1) the discovery sought is from a person found in the district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is an "interested person" before such foreign tribunal. *In re Hallmark Capital Corp.*, 534 F. Supp. 2d 951, 952 (D. Minn. 2007) (citing *In re Schmitz*, 376 F.3d 79, 83 (2d Cir. 2004)). If the applicant meets the statutory prerequisites, the court may exercise its discretion to grant the application.

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  The Supreme Court has identified four factors a court should consider in determining whether to exercise its discretion to grant a § 1782 application:  (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus inaccessible absent § 1782 aid; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.  *Id.*  These factors are based on the two purposes of the statute−to encourage reciprocity in discovery by foreign governments and to provide an efficient means of assistance to participants in international litigation.  *Id.*; *In re Hallmark Capital Corp.*, 534 F. Supp. 2d at 952 (citing *In re Application of Euromepa*, 51 F.3d 1095, 1097 (2d Cir. 1995).

The CPCC clearly meets the statutory requirements for granting an application under § 1782.  Microboards is a Minnesota limited liability company and therefore the discovery is sought from an entity found in this district.  The discovery is for use in a proceeding in the Federal Court of Canada, which is a foreign tribunal within the meaning of § 1782.  *Intel Corp.*, 542 U.S. at 249.  Finally, the CPCC is a party to the proceeding in Canada and is therefore an interested person before the foreign tribunal.  *Id.* at 256.

Based on the factors outlined in *Intel Corp.*, the Court concludes that the application should be granted.  Because Microboards is a non-party to the litigation, the Federal Courts of Canada do not have jurisdiction to obtain the documents without the use of § 1782.  The Canadian Court acknowledged that it did not have jurisdiction to obtain the documents, and

therefore granted CPCC leave to seek the documents from this Court. (*See* Applicant's Ex. 14 at p. 92). This same Order indicates the Canadian Court's receptiveness to the assistance of the United States courts in obtaining this discovery. The fact that CPCC sought leave of the foreign tribunal to request the documents from this Court also demonstrates that CPCC is not attempting to circumvent foreign proof-gathering in Canada. The last factor, whether the subpoena contains unduly intrusive or burdensome requests, is a closer question. While on its face it does not appear the subpoena's requests are unduly burdensome, the Court does not have sufficient information regarding the scope or the nature of the responsive documents. Counsel for Microboards, however, argued to CPCC that the documents should be protected as confidential business records. (*See* Applicant's Ex. 15 p. 93). Nevertheless, the other three factors favor granting the application at this *ex parte* stage of the proceeding. Microboards can object or move to quash the subpoena after it has been issued. *See London v. Does 1-4*, No. 07-15164, 279 Fed. Appx. 513, 515, 2008 WL 2178602, *1 (9th Cir. May 22, 2008); *Euromepa*, 51 F.3d at 1097. After reviewing the Application and supporting materials, this Court concludes that the purposes of § 1782 would be met by granting this application and the Court should exercise its discretion and permit the requested discovery.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. CPCC's Application for Discovery Pursuant to 28 U.S.C. § 1782 [Doc. No. 1] be granted;

2. CPCC be allowed to subpoena from Microboards: invoices, shipping documentation, customs declarations and emails, letters and notes regarding the supply shipping or

freight forwarding of CD-Rs, CD-RWs, CD-R Audio, CD-RW Audio, audio cassettes, and minidiscs to Blue Media, CUC, CUD, Tekmedia, or Vu from January 1, 2001 to date.

Dated:  April 14, 2011                                  s/ Steven E. Rau
                                                        STEVEN E. RAU
                                                        United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 29, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.